UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEZAREE JENKINS-MILLS | * | CIVIL ACTION NO. 23-6441 |
| VERSUS | * | SECTION: "A"(1) |
| WALMART, INC. | * | JUDGE JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

## ORDER AND REASONS

The following motion is before the Court: **Partial Motion to Dismiss (Rec. Doc. 15)**, filed by Defendant, Walmart, Inc. Plaintiff, Dezaree Jenkins-Mills, opposes the motion. The motion, submitted for consideration on April 10, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the motion to dismiss is **DENIED**.

### I. Background

This case arises from events that occurred during Jenkins-Mills' employment at Walmart as an overnight stocker at Store #553, located in Slidell, Louisiana. (Rec. Doc. 1, Complaint, Factual Allegations ¶ 1). On May 3, 2021, and again on July 5, 2021, her job duties included relabeling packages of meat with lower prices. (*Id.*). In neither instance did she alter the computer-generated labels that she affixed to the meat. (*Id.*). She placed the meat packages on shelves for sale and, after her shift concluded, clocked out and purchased multiple packages of the newly-marked-down meat. (*Id.* ¶¶ 1-2). Unbeknownst to Jenkins-Mills, this violated one of Walmart's employee policies. (*Id.* ¶ 5). A nearby co-worker, Tyrone Oubre, witnessed the acts and, on October 12, 2021, contacted the Slidell Police to press charges for theft. (*Id.* ¶ 3). Another co-worker, Ronnie Brennan, provided video surveillance to the Slidell Police and

1

confirmed Walmart's intent to press charges. (*Id.*). Jenkins-Mills was subsequently arrested for criminal theft. (*Id.* ¶ 4).

Walmart pursued criminal charges in the City Court of East St. Tammany, Slidell, Louisiana. (*Id.* ¶ 6). Ultimately, on October 24, 2022, the City Prosecutor for the City of Slidell dismissed the charges. (*Id.*). On October 21, 2023, Jenkins-Mills filed suit against Walmart, contending that its employees were aware that (1) the computer-generated pricing labels were unmanipulated; (2) she was authorized to affix these labels to the meat; and (3) she paid full price for the meat. (*Id.* ¶ 7). To that end, she argues that they knew that she did not commit a crime and that Walmart knowingly pressed false criminal charges, which caused her embarrassment, humiliation, and difficulty in securing other employment. (*Id.* ¶ 8).

In addition to the malicious prosecution claim, Jenkins-Mills has requested damages for defamation. (*Id.*, Damages ¶ a). In response, Walmart has moved to dismiss the defamation claim, arguing that it is prescribed because over one year has passed since the allegedly defamatory statements were made. In response, Jenkins-Mills claims that the prescriptive period tolled for the pendency of the criminal prosecution against her, and that it began running when the city prosecutor dismissed the charges. Because this action could possibly be considered as having tolled, the motion is denied.

**II.    Legal Standard**

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

### III.     Discussion

As a general matter, "prescriptive statutes are to be strictly construed against prescription and in favor of the claim that is said to be extinguished. Of the two possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted." *La. Health Serv. & Indem. Co. v. Tarver*, 635 So. 2d 1090, 1098 (La. 4/11/1994). It is the defendant's duty to prove that the prescriptive period is applicable and that the plaintiff failed to bring a cause of action in a timely manner. *Spott v. Otis Elevator Co.*, 601

So. 2d 1355, 1361 (La. 1992). Once the defendant has shown that the action is prescribed on its face, the burden shifts to the plaintiff to show that the action is not prescribed. *Id.*

Walmart has shown that the alleged defamatory statement was made more than one year ago, thus facially prescribing her claim. However, Jenkins-Mills has suggested that the prescriptive period was suspended by her prosecution. Historically, in Louisiana, "a cause of action for defamatory statements set forth in the pleadings of a *civil* action does not arise or come into existence until final determination of such suit." *Calvert v. Simon*, 311 So. 2d 13, 15 (La. App. 2 Cir. 1975) (quoting *Udell, Inc. v. Ascot Oils, Inc.*, 177 So. 2d 178 (La. App. 2 Cir. 1965)) (emphasis added). Over time, this tenet grew to generally cover "judicial proceedings." *Nolan v. Jefferson Parish Hosp. Service Dist. No. 2*, 790 So. 2d 725, 730 (La. App. 5 Cir. 7/21/01) (quoting *Ballex v. Naccari*, 657 So. 2d 511, 5112 (La. App. 4 Cir. 6/7/95)).

Nevertheless, Louisiana courts have not been clear about how this doctrine applies in criminal proceedings. In *Doughty v. Cummings*, the Louisiana Second Circuit Court of Appeals found that where allegedly defamatory statements gave rise to a criminal prosecution, but preceded any judicial proceeding, the prescriptive period did not toll because "that principle is not applicable [where] the statements were not made in a judicial proceeding, but prior to any proceeding." 28 So. 3d 580, 584 (La. App. 2 Cir. 12/30/09). *Doughty* has been distinguished by the Louisiana Third Circuit, which found that criminal proceedings may toll the prescriptive period of defamation actions where the statement "is made in affidavits or in pleadings before the court." *Lyons v. Knight*, 65 So. 3d 257, 264 (La. App. 3 Cir. 5/11/11).

Jenkins-Mills alleged in her complaint that Walmart pressed charges against her. The City Court assigned the matter a case number, and Jenkins-Mills retained a criminal defense attorney. Although the extent of these proceedings is unclear, under a 12(b)(6) inquiry, this Court

4

is bound to the pleadings, which contend that a criminal proceeding was undertaken following the allegedly defamatory statements. At this time, this Court cannot say that the claim was untimely under the prescriptive statute and Louisiana's equitable tolling principles.[1]

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 15)** filed by Defendant, Walmart, Inc. is **DENIED**.

April 23, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Although this Court does not find the filing untimely on the face of the pleadings, it makes no discrete finding that the claim is timely. An untimeliness argument may still be raised at later stages of litigation.